51 CCPA
Application of William R. DIAL and Charles L. Cormany.
Patent Appeal No. 7063.

United States Court of Customs and Patent Appeals.
Jan. 23, 1964.

---

1. The cited patents, other than Ferguson, are not in the record before us.

George R. Jones, Beale & Jones, Washington, D. C., for appellants.

Clarence W. Moore, Washington, D. C., (Raymond E. Martin, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

Dial and Cormany seek to patent a method for stabilizing a liquid halogenated hydrocarbon as well as the stabilized composition.[1] To that end they ask us to reverse the decision of the Board of Appeals which held claims 1 to 8 unpatentable on the grounds of obviousness in view of the teachings of the prior art.

Claim 1 is representative:

"1. A method of stabilizing a liquid halogenated hydrocarbon containing 1 to 3 carbon atoms which comprises adding thereto a small stabilizing quantity of a composition including glycidol, a phenol, an amine normally boiling between 80°C. and 100°C. having at least two carbon atoms linked directly to its amino nitrogen and another amine having at least two carbon atoms linked directly to its amino nitrogen and containing a carbon chain of at least 4 carbon atoms linked to its amino nitrogen."

It appears that liquid halogenated hydrocarbon compositions are used in dry cleaning and metal degreasing. Those compositions tend to decompose during storage, use and shipment. In degreasing metals, for example, it is said that use of decomposed halogenated hydrocarbons will result in corrosion of such metals.

Appellants' solution to the above problem involves incorporating in the liquid halogenated hydrocarbon a stabilizing amount of glycidol, a phenol, a secondary or tertiary amine having a boiling point between 80°C. and 100°C., and a secondary or tertiary amine having at least four carbon atoms linked to the amino nitrogen. Representative of the above amines are said to be diisopropyl amine and dibutylamine, respectively.

The references relied on are:

| | | |
|---|---|---|
| Aitchison et al | 2,371,645 | March 20, 1945. |
| Missbach | 2,094,367 | September 28, 1937. |
| French patent | 732,569 | June 20, 1932. |

Aitchison discloses a large number of oxygen-containing compounds, including glycidol, employed as stabilizers for halogenated hydrocarbons.

Missbach discloses secondary and tertiary amines including diisopropyl and dibutylamines used as halogenated hydrocarbon stabilizers. The above amines are included in a long list of amines which may similarly be used, many of which are within the scope of amines employed by appellants for the same purpose.

The French patent discloses addition of phenols, including thymol, to halogen-

1. Serial No. 600,379, filed July 27, 1956.

ated hydrocarbons as stabilizers to prevent their decomposition.

The examiner and the board held that use of the four prior art stabilizers for halogenated hydrocarbons, in combination, would be obvious to one of ordinary skill in the art.

Appellants contend that "not one of the prior art patents contains within the four corners thereof" a teaching of appellants' combination of stabilizing agents. They assert there is no basis for selecting one stabilizer from eighteen disclosed in Aitchison et al., one from three mentioned in the French patent, and a few amines from over eighty revealed in Missbach. Appellants argue that nothing short of hindsight would teach their particular combination of stabilizing agents. Appellants further state:

> "It is axiomatic that the determination of 'obviousness' under Section 103, Title 35, U.S.Code must involve a consideration of whether the beneficial properties of appellants' invention would be expected and predictable by the skilled person in this art from the prior patents and without the benefit of appellants' disclosure. *There is certainly no evidence in the record herein that would lead one skilled in the art to expect that any combination of even two, let alone more, stabilizing agents would provide an improvement of any nature whatsoever, over the properties of a single stabilizing agent in the halogenated hydrocarbon solvent composition."*

Apparently it is appellants' position that since the prior art does not show that any improvement would be obtained by combining stabilizing agents, therefore the prior art does not suggest a combination of stabilizers, particularly appellants' combination. As pointed out by the board, however, the prior art does suggest the use of stabilizers in combination. Aitchison et al. state:

> "In the practice of our invention, many and various embodiments

thereof may be employed. For instance, the chlorinated hydrocarbon solvent, in addition to the stabilizers described, *may also contain* one of the known stabilizers against normal decomposition, as previously mentioned, such as aralkyl ethers of hydroquinone, described in Pitman Patent 2,319,261." (Emphasis supplied)

Missbach says:

> "This invention, however, is not limited to the use of a single substance or compound mentioned herein, or which are related to their respective class or groups, but I may also employ *two or more* of these substances *in combination* with each other, in connection with the stabilization of halogenated hydrocarbons, or I may use a substance which forms a part of certain compounds mentioned herein." (Emphasis supplied)

The French patent discloses the use of "one or more of the following stabilizers" and proceeds to list several including phenol and arylamines, e. g., aniline, which are chemically dissimilar.

Appellants claim the use of a particular combination of stabilizing agents in the stabilization of halogenated hydrocarbons, including compositions containing that specific combination of stabilizers and the halogenated hydrocarbons. The prior art discloses each of the members of appellants' combination individually, as stabilizing agents for halogenated hydrocarbons, and also discloses the idea of using stabilizing agents in combination, in the stabilization of halogenated hydrocarbons. There is no evidence in the record establishing that appellants' combination of stabilizing agents is any more effective or in anywise different, in inhibiting the decomposition of halogenated hydrocarbons than any single member of that combination.

We appreciate appellants' efforts to prove that their particular combination of stabilizers has unexpected properties but are not persuaded that those efforts

support appellants' position. The proffered comparison is based on calculations made from suppositions about the French patent tests rather than actual observations and the tests serving as the basis of that comparison are not shown to have been made under the same conditions.

Under the present circumstances we are not persuaded that the board erred in holding that what appellants have done would be obvious to one of ordinary skill in this art.

The decision is affirmed.

Affirmed.